UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| JUAN CARLOS BADILLO, | ) | | |
| | ) | | |
| Petitioner, | ) | | |
| | ) | | |
| v. | ) | Nos: | 3:06-cr-072 |
| | ) | | 3:07-cv-399 |
| UNITED STATES OF AMERICA, | ) | | (VARLAN/GUYTON) |
| | ) | | |
| Respondent. | ) | | |

**MEMORANDUM**

This is a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 filed by petitioner Juan Carlos Badillo ("petitioner"). For the following reasons, the § 2255 motion will be **DENIED** and this action will be **DISMISSED**.

I. Standard of Review

This Court must vacate and set aside petitioner's conviction upon a finding that "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. To prevail under § 2255, petitioner "must show a 'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1968)).

Under Rule 8 of the Rules Governing Section 2255 Proceedings In The United States District Courts, the Court is to determine after a review of the answer and the records of the

case whether an evidentiary hearing is required. If the motion to vacate, the answer and the records of the case show conclusively that petitioner is not entitled to relief under § 2255, there is no need for an evidentiary hearing. *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986).

II.  Factual Background

Petitioner pleaded guilty to reentry into the United States by a previously deported illegal alien, in violation of 8 U.S.C. § 1326(a). He was sentenced to a term of imprisonment of 54 months, to be served consecutively to the term of imprisonment imposed in Criminal Action No. 3:04-cr-185 (E.D. Tenn.), for a total effective sentence of 66 months. In support of his § 2255 motion to vacate sentence petitioner alleges six defects in his criminal proceedings that deprived the court of jurisdiction. He also alleges that his attorney rendered ineffective assistance of counsel by failing to raise these six jurisdictional defects.

III.  Discussion

Petitioner alleges six jurisdictional defects: (1) the government failed to present evidence that this court had jurisdiction over petitioner; (2) there was no evidence that the magistrate judge had authority to preside over petitioner's arraignment; (3) the indictment did not allege that this court is an Article III court; (4) there was no evidence presented that petitioner's offense occurred within the territorial jurisdiction of the United States; (5) the indictment did not allege the essential facts of the offense; and (6) the indictment failed to cite to the actual Act of Congress underlying 8 U.S.C. § 1326(a).

Title 18 U.S.C. § 3231 provides: "The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." As the Seventh Circuit has noted: "Subject-matter jurisdiction in every federal criminal prosecution comes from 18 U.S.C. § 3231, and there can be no doubt that Article III permits Congress to assign federal criminal prosecutions to federal courts. That's the beginning and the end of the 'jurisdictional' inquiry." *Hugi v. United States*, 164 F.3d 378, 380 (7th Cir. 1999). *See also United States v. Titterington*, 374 F.3d 453, 458 (6th Cir. 2004) ("The federal courts' subject-matter jurisdiction to hear federal criminal prosecutions comes from 18 U.S.C. 3231."). There is no question this Court had jurisdiction to consider the charge against petitioner, and his claims to the contrary are frivolous.

Pursuant to 28 U.S.C. § 636(b), with certain exceptions, a district judge "may designate a magistrate judge to hear and determine any pretrial matter pending before the court," which includes the arraignment of a criminal defendant. Petitioner's claim that the magistrate judge lacked authority to conduct the arraignment is also frivolous.

An indictment complies with the constitutional requirements set forth in the Fifth and Sixth Amendments "if it (1) 'contains the elements of the offense charged,' (2) 'fairly informs a defendant of the charge against which he must defend' and (3) 'enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense.'" *United States v. Titterington*, 374 F.3d at 456 (quoting *Hamling v. United States*, 418 U.S. 87, 117 (1974)). An indictment need not negate the elements of an affirmative defense which a defendant might raise. *Id.* at 456-57.

3

The indictment against petitioner read as follows:

> The Grand Jury charges that, on June 5, 2006, in the Easter District of Tennessee and elsewhere, the defendant, Juan Carlos Badillo, an alien, having been previously deported and removed from the United States, such removal being subsequent to a conviction for the commission of an aggravated felony, did knowingly and unlawfully reenter the United States and was found in the United States, in Knox County, Tennessee, not having obtained the express consent of the Attorney General of the United States or the Secretary for Homeland Security for reapplication for admission into the United States. [8 U.S.C. § 1326; 6 U.S.C. §§ 2023, 2024, [sic] and 557].

[Criminal Action No. 3:06-cr-72, Doc. 1, Indictment].

Petitioner was charged with violating 8 U.S.C. § 1326(a). "The elements of 8 U.S.C. § 1326(a) are straightforward and require the government to prove: 1) the defendant is an alien; 2) who previously was arrested and deported or excluded and deported; and 3) thereafter improperly entered, or attempted to enter, the United States (without the permission of the Attorney General)." *United States v. Hodulik*, 44 F. App'x 656, 660 (6th. Cir. June 26, 2002).

The indictment against petitioner was clearly sufficient – it charged the elements of § 1326(a), informed petitioner of the charge against him, and allowed him to plead a double jeopardy bar against future prosecutions for the same offense. Petitioner's claims that the indictment was defective are frivolous.

In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court established a two-part standard for evaluating claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth

4

> Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id.* at 687.

To establish that his attorney was not performing "within the range of competence demanded of attorneys in criminal cases," *McMann v. Richardson*, 397 U.S. 759, 771 (1970), petitioner must demonstrate that the attorney's representation "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. at 687-88. In judging an attorney's conduct, a court should consider all the circumstances and facts of the particular case. *Id.* at 690. Additionally, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

Petitioner's claim of ineffective assistance of counsel is that his attorney failed to raised the previous six claims of jurisdictional defects. The Court having found the claims of jurisdictional defects to be frivolous, petitioner has failed to demonstrate ineffective assistance of counsel under the *Strickland* standard. *See United States v. Hanley*, 906 F.2d 1116, 1121 (6th Cir. 1990) (the failure of defense counsel to pursue frivolous motions and objections cannot constitute ineffective assistance of counsel).

IV.     Conclusion

Petitioner is not entitled to relief under § 2255 and his motion to vacate, set aside or correct sentence will be **DENIED**.  This action will be **DISMISSED**.  In addition to the above, this Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous.  Therefore, this Court will **DENY** petitioner leave to proceed in forma pauperis on appeal.  *See* Rule 24 of the Federal Rules of Appellate Procedure.  Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**.  28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE